UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>ALBERT SILVA HERNANDEZ, JR.,<br><br>Defendant(s). | Case No. 2:12-CR-254 JCM (PAL)<br><br>ORDER |

Presently before the court are numerous motions by defendant Albert Silva Hernandez, Jr.[1] Defendant has filed a petition for writ of error *coram nobis* (doc. # 78); and motions for appointment of counsel (doc. # 79); recusal of district judge (doc. # 80); prompt hearing (doc. # 81); conditional release pending review of motion (docs. ## 82, 89); and to hold imprisonment violative of the Eighth Amendment of the Constitution and grant equitable relief (doc. # 91). The government filed responses. (Docs. ## 84, 85, 90, 96). Defendant has not filed replies and the deadlines to do so have passed.

Also before the court is a remanded issue from the Ninth Circuit, asking this court to "consider in the first instance whether the distribution enhancement may be applied when the defendant does not distribute the image to a third party." (Doc. # 93 at 3).

---

[1] Hernandez filed each of the instant motions *pro se*. After filing his motions, attorneys Shari L. Kaufman and Amy B. Cleary filed notices of attorney appearance on behalf of Hernandez. Under Local Rule IA 10-6(a), "[a] party who has appeared by attorney cannot while so represented appear or act in the case. An attorney who has appeared for a party shall be recognized by the Court and all parties as having control of the client's case." Because Hernandez filed the instant motions when he was proceeding *pro se* and did not have any attorney of record, the court considers Hernandez's motions properly filed on his own behalf.

**James C. Mahan**
**U.S. District Judge**

## I. Background

On April 24, 2013, a jury convicted Hernandez of eight counts of sexual exploitation of a child. (Doc. # 46). This court sentenced Hernandez to 284 months per count to run concurrently and lifetime supervised release per count to run concurrently. (Doc. # 60). Hernandez timely appealed on August 14, 2013. (Doc. # 64).

On May 21, 2015, the Ninth Circuit Court of Appeals affirmed Hernandez's conviction, but remanded his case to the court to "consider in the first instance whether the distribution enhancement may be applied when the defendant does not distribute the image to a third party." (Doc. # 93 at 3).

## II. Discussion

*A. Defendant's petition for a writ of error coram nobis (doc. # 78)*

"*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). "The *coram nobis* writ allows a court to vacate its judgments 'for errors of fact . . . in those cases where the errors are of the most fundamental character, that is, such as rendered the proceeding itself invalid.'" *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (citing *United States v. Mayer*, 235 U.S. 55, 69 (1914)).

To warrant *coram nobis* relief, a defendant "must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva*, 287 F.3d at 760 (citing *Hirabayashi*, 828 F.2d at 604). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Id*. (citing *United States v. McClelland*, 941 F.2d 999, 1002 (9th Cir. 1991)).

"A person in custody may seek relief pursuant to 28 U.S.C. § 2255. Because the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not." *Matus-Leva*, 287 F.3d at 761. Hernandez is in custody. Therefore, a motion under 28 U.S.C. § 2255, rather than the instant petition, is the appropriate method for Hernandez to lodge a collateral attack. Hernandez's petition is denied.

**James C. Mahan**
**U.S. District Judge**

### B. *Defendant's motion for appointment of attorney (doc. # 79)*

Hernandez requests an attorney to represent him under 18 U.S.C. § 3006A. (Doc. # 79). Shari L. Kaufman, Esq. and Amy B. Cleary, Esq. have filed notices of attorney appearance for Hernandez. (Docs. ## 94, 95). Accordingly, Hernandez's request for the court to appoint him an attorney is moot.

### C. *Defendant's motion for recusal of district judge (doc. # 80)*

The court interprets defendant's motion for recusal as being brought pursuant to 28 U.S.C. § 455. Under § 455, the presiding judge determines whether recusal is warranted. *United States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978). § 455(a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case. *Id.* Consequently, the analysis of each § 455(a) claim requires an "independent examination of the unique facts and circumstances of the particular claim at issue." *Id.* (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999)); *see also Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005).

Recusal under § 455 is not unlimited–the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 541 (1994). Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*; *see Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008). Thus, judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at 555.

Hernandez asserts that this court's "recusal is mandatory since he denied petitioner of due process." (Doc. # 80 at 4). Hernandez asserts that the trial record demonstrates this court's "anger and hostility, disrespect for counsel, [and] simpathy [sic] for a perjurer who Judge Mahan either knew or should have known the witness (was lying under oath) and [Hernandez] has specifically asked for the Ninth Circuit to proceed toward Judge Mahan's Impeachment." (*Id.* at 5).

**James C. Mahan**
**U.S. District Judge**

- 3 -

A jury convicted defendant Hernandez and the Ninth Circuit has affirmed his conviction. Hernandez does not make any specific claim as to how this court denied him due process or exhibited hostility. *Liteky* instructs that, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 556.

Further, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* Therefore, Hernandez's assertion that the court was disrespectful and hostile during the trial does not require this court to recuse itself.[2] Hernandez's request for the Ninth Circuit to "proceed toward Judge Mahan's Impeachment" likewise does not require the recusal of this court.

The court finds that recusal is neither justified nor necessary in this case. The court denies Hernandez's motion for recusal.

### D. *Defendant's motion for prompt hearing (doc. # 81)*

Hernandez moves for a prompt hearing regarding his motions for conditional release. The court does not need to schedule a hearing regarding Hernandez's motions for conditional release. Accordingly, the court denies Hernandez's motion for prompt hearing.

### E. *Defendant's motion for conditional release (doc. # 82)*

Hernandez requests that the court conditionally release him from custody pending review of his petition for a writ of error *coram nobis*. The court denied Hernandez's petition. Accordingly, the court denies his motion for conditional release.

Further, even if the court construed Hernandez's motion as a motion for release pending appeal, the Ninth Circuit decided Hernandez's appeal on May 26, 2015. Therefore, Hernandez's motion would be moot.

. . .

---

[2] Further, Hernandez does not support his assertion with any excerpts from the record.

**James C. Mahan**
**U.S. District Judge**

- 4 -

### F. *Defendant's renewed motion for conditional release (doc. # 89)*

Hernandez filed a renewed motion for conditional release. Hernandez attempts in many ways to reargue his case under the First Amendment and assert that he was improperly convicted by the jury. For the same reasons as discussed above, the court denies Hernandez's motion.

### G. *Defendant's motion to hold imprisonment violative of the Eighth Amendment (doc. # 91)*

After defendant filed his motion to hold imprisonment violative of the Eighth Amendment, the Ninth Circuit affirmed his conviction. (Doc. # 93). However, the Ninth Circuit remanded the case to this court "to consider in the first instance whether the distribution enhancement may be applied when the defendant does not distribute the image to a third party." (*Id.* at 3).

A district court may not entertain a habeas corpus petition until defendant's sentence is final and his opportunity for appellate review is foreclosed. *United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005), *amended* No. 03-35853, 2005 WL 3312694 (9th Cir. Dec. 8, 2005) ("federal prisoners must exhaust appellate review prior to filing for habeas relief in the district court"); *see Feldman v. Henman*, 815 F.2d 1318, 1320-21 (9th Cir. 1987) (holding same).

In the sentencing context, final means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 683 (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)). "The reason for this rule is that 'disposition of the appeal may render the [habeas corpus writ] unnecessary.'" *Id.* (quoting *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959)).

The court declines to address Hernandez's motion at this time. Once Hernandez's conviction and sentence become final, he may bring a 28 U.S.C. § 2255 motion challenging the constitutionality of his confinement. *See Feldman*, 815 F.2d at 1320 ("[A] district court should not entertain a habeas corpus petition while there is an appeal pending in [the court of appeals] or in the Supreme Court.").

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

*H. Remand issue*

The Ninth Circuit asks this court to "consider in the first instance whether the distribution enhancement may be applied when the defendant does not distribute the image to a third party." (Doc. # 93 at 3). Accordingly, the court will hear argument regarding whether the distribution sentencing enhancement under U.S.S.G. § 2G2.1(b)(3) applies to Hernandez.

**III.   Discussion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Albert Silva Hernandez's petition for writ of error *coram nobis*, (doc. # 78), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel, (doc. # 79), be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion for recusal of district judge, (doc. # 80), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for prompt hearing, (doc. # 81), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motions for conditional release pending review of motion, (docs. ## 82, 89), be, and the same hereby are, DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion to hold imprisonment violative of the Eighth Amendment of the Constitution and grant equitable relief, (doc. # 91), be, and the same hereby is, DENIED.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that the court will hold a hearing to address the issue on
2  remand on **Wednesday, August 19, 2015, at 10:00 A.M. in courtroom 6A.**  Each party shall
3  have up to Monday, August 17, 2015 at 12:00 PM to file a sentencing memorandum on the issue
4  of whether the distribution enhancement under U.S.S.G. § 2G2.1(b)(3) applies to Hernandez.
5  DATED July 31, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -